UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                          )
                                )     Chapter 7
DINO M. RUBINO and              )
DAWN M. RUBINO                  )
                                )     Bankruptcy No. 04-00706
        Debtors.               )

## ORDER RE MOTION TO AVOID JUDGMENT LIEN

This matter came before the undersigned on May 12, 2004 on Debtors' Motion to Avoid Judgment Lien.  Debtors Dino and Dawn Rubino were represented by attorney Todd Forsythe. Creditor John Brustkern, dba JB Pools, appeared pro se.  After the presentation of argument, the Court took the matter under advisement.  The time for filing briefs has now passed and this matter is ready for resolution.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

## STATEMENT OF THE CASE

Debtors seek to avoid the lien on their homestead arising from JB Pools' small claims judgment.  JB Pools asserts the judgment arises from its installation of an above-ground pool at Debtors' residence.  The issue is whether the pool is an improvement to real property so as to except the debt from the homestead exemption.

## FINDINGS OF FACT

On May 18, 1998, JB Pools installed an above-ground pool on the homestead property of Debtors Dino and Dawn Rubino. The pool is 24 ft. in diameter, 48 in. high, and sits atop the ground, unsupported by additional structures.

At some point, Debtors refused to make further payments on the swimming pool debt.  JB Pools commenced an action in small claims court and was awarded a judgment in the amount of the debt, plus interest.  This judgment constitutes a lien which attached to Debtors' homestead.

On March 3, 2004, Debtors filed a voluntary Chapter 7 bankruptcy petition.  On March 25, 2004, Debtors filed a Motion to Avoid Judgment Lien pursuant to 11 U.S.C. § 522(f),

alleging that the judgment lien impairs their homestead exemption.  JB Pools objects to the avoidance motion, alleging that pursuant to Iowa Code sec. 561.21(3), Debtors' homestead is not exempt as against debts incurred for work done or material furnished for improvements to the homestead.

### CONCLUSIONS OF LAW

Pursuant to 11 U.S.C. § 522(f)(1)(a), the Court may grant a debtor's motion to avoid a judicial lien if such lien impairs an exemption to which the debtor would otherwise be entitled.  Under Iowa law, a debtor's homestead is exempt from judicial sale.  Iowa Code § 561.16.  Some limited statutory exceptions to this rule exist, including debts "incurred for work done or material furnished exclusively for the improvement of the homestead."  Iowa Code § 561.21(3).  A debtor is not entitled to claim a homestead exemption against such a debt, and therefore a lien arising from such a debt does not impair an exemption to which the debtor would otherwise be entitled.  See, e.g., In re Meseraull, 82 F.3d 421, at *1-2 (8th Cir. 1994)(unpublished), aff'g In re Meseraull, No. 94-11048 (Bankr. N.D. Iowa Nov. 18, 1994); In re Streeper, 158 B.R. 783, 787 (Bankr. N.D. Iowa 1993).

The question of whether an above-ground swimming pool is an improvement to a homestead under Iowa Code sec. 561.21(3) appears to be an issue of first impression under Iowa law.  The Iowa Supreme Court has stated that an improvement to real property is defined as, "a permanent addition to or a betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs."  Jarnagin v. Fisher Controls Int'l, Inc., 573 N.W.2d 34, 36 (Iowa 1997) (citing Krull v. Thermogas Co., 522 N.W.2d 607 (Iowa 1994)).  While Jarnagin is presented in the context of tort law, the term "improvements to real property" in Iowa Code sec. 614.1(11) is analogous to "improvement of the homestead" in Iowa Code sec. 561.21(3).

The Iowa Supreme Court expressly rejects any notion that permanence is a necessary element of an improvement, emphasizing that permanence and betterment of the property are alternative clauses, separated by the word or.  Jarnagin, 573 N.W.2d at 36.  It adopts the interpretation that permanence does not require that the addition or improvement never be

2

removed or replaced.  See, e.g., Harder v. AcandS, 179 F.3d
609, 612 (8th Cir. 1999) (holding thermal blankets in steam
engines were improvements even though temporarily detached for
routine maintenance); Patel v. Fleur de Lis Motor Inns, Inc.,
771 F. Supp. 961, 965 (S.D. Iowa 1991) (finding a soap dish in
a hotel was an improvement even where installation was not
permanent).  Additionally, the Iowa Supreme Court holds that
increases in property value as a result of the improvement can
be found absent a showing of increases in appraised value.
Jarnagin, 573 N.W.2d at 36-37, (a gas pressure regulator makes
a property more useful and valuable even though it does not
increase the appraised value of the property).

     The Minnesota Court of Appeals applies a test identical
to the Krull test.  That court holds that an above-ground
swimming pool is an improvement to real property, despite the
fact that the pool could be moved and added no value to the
property for tax assessment purposes.  Kline v. Doughboy
Recreational Mfg. Co., 495 N.W.2d 435, 438-39 (Minn. Ct. App.
1993).

     Debtors assert that the common law doctrine of fixtures
is the proper measure to determine whether or not something
constitutes an improvement to property.  Stanske v. Wayzee
Elec. Co., 722 P.2d 402, 406-07 (Colo. 1986).  Under the
fixture analysis, a three-part inquiry is applied: "(1) actual
annexation to the realty or something appurtenant thereto; (2)
application to the use or purpose to which that part, [sic] of
the realty with which it is connected is appropriated; (3) the
intention of the party making the annexation to make a
permanent accession to the freehold."  Cornell College v.
Crain, 235 N.W. 731, 732 (Iowa 1931).  Something is
appurtenant to the realty when it stands in relation to it and
is necessarily connected with the use and enjoyment of it.  In
re Sueppel's Estate, 124 N.W.2d 154, 157 (Iowa 1963).  The
Iowa Supreme Court expressly rejected the third step of the
fixture doctrine in Jarnagin, stating that intent is
unreliable in determining whether something is an improvement.
Jarnagin, 573 N.W.2d at 36.

     Many courts hold that the terms "fixture" and
"improvement" are not synonymous.  The definition of a fixture
is narrower: a fixture is by definition an improvement to real
property, but an improvement to real property need not be a
fixture.  See, e.g., Karisch v. Allied-Signal, Inc., 837
S.W.2d 679, 680 (Tex. Ct. App. 1992); St. Louis v. Rockwell

3

Graphic Sys., Inc., 605 N.E.2d 555, 556 (Ill. 1992); Allied
Stores Corp. v. North West Bank, 469 P.2d 993, 996 (Wash. Ct.
App. 1970).  Application of the fixtures doctrine ignores the
plain language of the statute, which specifically uses the
term "improvement", not "fixture".  The Stanske court states
that "the ordinary meaning of the language" provides the best
guidance, and that "improvement" should be defined in its
usual terms before a court should resort to the doctrine of
fixtures.  Stanske, 722 P.2d at 406-07.

## ANALYSIS

In recent cases involving questions as to what
constitutes an improvement to real property in the tort
context, the Iowa Supreme Court has applied the Krull
definition cited in Jarnagin, rather than employing the three-
prong fixtures test.  Applying the Krull analysis to the facts
of this case, an above-ground swimming pool meets the
definition of an improvement to the homestead for the
following reasons:

1) while the pool is only semi-permanent, i.e., capable
of being removed from the property with some time and effort,
absolute permanency is not required to find that the pool is
an improvement;

2) while the debtors contend that the pool is worthless
due to its present state of disrepair, there is no evidence on
record to corroborate this assertion, or to show that the pool
is irreparably damaged so as to negate an inference that the
pool contributes some value to the homestead property;

3) the installation of the pool on the debtors' property
was not in the nature of "ordinary repairs", but rather
required a team of men for assembly, necessitating the
expenditure of labor and money; and

4) as JB Pools asserts on brief, a swimming pool is
generally a feature emphasized when marketing a property for
sale, supporting the assertion that the presence of a pool
makes a homestead property more valuable.

## CONCLUSION

This Court finds that the above-ground swimming pool on
Debtors' homestead property constitutes an improvement to the

real estate.   JB Pools' judgment was for a debt incurred in
installing this improvement.   The debt is excepted from the
general homestead exemption pursuant to Iowa Code sec.
561.21(3).   Pursuant to the foregoing, this Court denies
Debtors' Motion to Avoid Judicial Lien with respect to the
lien held by JB Pools.   JB Pools' small claims judgment
attaches as a lien on Debtors' homestead.

**WHEREFORE**, Debtors' Motion to Avoid Judgment Lien of John
Brustkern, dba JB Pools, is DENIED.

**FURTHER**, the small claims judgment held by John
Brustkern, dba JB Pools, attaches as a lien on Debtors'
homestead.

**SO ORDERED** this 28th day of May, 2004.

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE